NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000710
09-JAN-2015
07:52 AM**

NO. CAAP-12-0000710

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
LAWRENCE D. McCREERY, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5P111-02021)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Reifurth and Ginoza, JJ.)

Defendant-Appellant Lawrence D. McCreery appeals from
the Judgment/Order and Notice of Entry of Judgment/Order, filed
on July 12, 2012 in the District Court of the Fifth Circuit,
Lihue Division.[1] McCreery was found guilty of Harassment, in
violation of Hawaii Revised Statutes § 711-1106(1)(a) (Supp.
2013).[2]

On appeal, McCreery contends that (1) the District
Court erred when it failed to specifically find that he acted
with the requisite state of mind (i.e., with intent to "harass,

---

[1] The Honorable Frank D. Rothschild presided.

[2] The statute states:

> **Harassment.** (1) A person commits the offense of
> harassment if, with intent to harass, annoy, or alarm any
> other person, that person:
>
> > (a) Strikes, shoves, kicks, or otherwise touches
> > another person in an offensive manner or
> > subjects the other person to offensive physical
> > contact[.]

HAW. REV. STAT. § 711-1106(1)(a).

annoy, or alarm" the complaining witness), and (2) the State presented insufficient evidence of his mental state to support a conviction.

Upon careful review of the record and the briefs, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve McCreery's points as follows and affirm:

(1) The District Court did not err by failing to make a specific finding of intent before convicting McCreery of harassment under HRS § 711-1106(1)(a). Although McCreery contends that the District Court was required to include an *explicit* finding that he acted with intent to harass, annoy or alarm, the law only requires that,

> [i]n a case tried without a jury[,] the court shall make a *general* finding and shall in addition, on request made at the time of the general finding, find such facts specially as are requested by the parties. Such special findings may be [made] orally in open court or in writing at any time prior to sentence.

Haw. R. Pen. P. 23(c) (2014) (emphasis added). McCreery, however, did not request a specific finding at the time the District Court made its general findings. Therefore, the court's general finding of guilt was sufficient to support his conviction. *State v. Bigelow*, 2 Haw. App. 654, 638 P.2d 873, 874 (1982).

(2) We review claims of insufficient evidence in the light "most favorable to the prosecution and in full recognition of the province of the trier of fact." *State v. Grace*, 107 Hawai'i 133, 139, 111 P.3d 28, 34 (App. 2005) (quoting *State v. Ferrer*, 95 Hawai'i 409, 422, 23 P.3d 744, 757 (App. 2001)). "Under such a review, we give full play to the right of the fact finder to determine credibility, weigh the evidence, and draw justifiable inferences of fact." *Id.* Contrary to his claim, the State presented sufficient evidence of McCreery's intent to harass, annoy, or alarm the complaining witness to support his conviction for harassment under HRS § 711-1106(1)(a).

At trial, the complaining witness testified that, prior to the incident, she had hired McCreery to represent her in a child custody case. The witness testified that she went to

McCreery's office to pick up some papers and that, after McCreery made copies of the papers, he stood up, touched her hand, and said, "You look so good . . . Too bad you're married." Explaining to the court that she did not normally say thank you to compliments, the witness testified that she laughed and said that she was happily married. The complaining witness testified that McCreery then hugged her tightly and licked the back of her ear.

It is well established that, under Hawai'i's laws, "the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." *State v. Stocker*, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999) (quoting *State v. Mitsuda*, 86 Hawai'i 37, 44, 947 P.2d 349, 356 (1997)) (internal quotation marks omitted). Given the evidence and circumstances, it is reasonable to infer that McCreery intended to harass, annoy, or alarm the complaining witness by licking the back of her ear even after she said she was happily married. Furthermore, the witness did, in fact, feel harassed, annoyed, or alarmed by McCreery's actions. As such, given the circumstances, the State presented sufficient evidence of McCreery's state of mind to support his conviction for harassment under HRS § 711-1106(1)(a).

Therefore,

IT IS HEREBY ORDERED that the Judgment/Order and Notice of Entry of Judgment/Order, filed on July 12, 2012 in the District Court of the Fifth Circuit, Lihue Division, is affirmed.

DATED: Honolulu, Hawai'i, January 9, 2015.

On the briefs:

Michael K. Soong
for Defendant-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauai,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3